### WILCOX & GIBBS SEWING MACH. CO. v. HIMES.

(Supreme Court, General Term, First Department. January 13, 1893.)

1. ROYALTY FOR USE OF PATENT—ACTION TO RECOVER—PLEADING.
   In an action to recover a royalty for the use of certain machines under an agreement conditioned to be void on the surrender of the machines, the complaint alleged the receipt of the machines in pursuance of the agreement. The answer admitted their receipt, and alleged that a part of them had been returned to plaintiff. *Held,* that by this allegation defendant conceded that all the machines were not returned.

2. SAME—SURRENDER OF LICENSE.
   By the terms of the agreement a surrender of the license to use the machines could not be effected without a return of the machines.

3. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
   A motion by defendant for a change of venue to prove by witnesses that he had surrendered his license to use the machines was properly denied, for by the allegation in his answer defendant admitted that he had not returned all the machines,—a condition precedent, by the terms of the agreement, to a surrender of the license.

Appeal from special term, New York county.

Action by the Wilcox & Gibbs Sewing Machine Company against Jehiel W. Himes to recover a royalty for the use of certain machines. From an order denying his motion to change the place of trial, defendant appeals. Affirmed.

The opinion by INGRAHAM, J., filed at special term, is as follows:

"The question to be determined on this application is whether any of the witnesses mentioned in the moving papers, with the exception of the defendant, would be material witnesses on the trial of the action, and it seems to me clear-

that they would not. Defendant admits signing the contract annexed to the complaint, and admits receiving the machines mentioned in the contract. He having failed to make any return of the amount of work done by the machines, he was liable to pay to the plaintiff for the rent of the machines the amount specified in the contract. He alleges as a defense that that he was 'induced and seduced' to enter into the contract by various statements made as to the validity of certain patents owned by plaintiff, and he alleges that those statements were untrue. He does not allege, however, that he executed the contract relying upon those statements; nor does he allege that upon the discovery of the untruth of the said statements he returned the machines to the plaintiff. So far as appears, he has kept possession of the machines during all the time; and before he can escape the liability for the rent reserved he must elect to rescind the contract by returning the machines. Nor do I think the counterclaim alleged in the answer presents any issue to be tried. The negotiations between the parties must be deemed to be merged in the contract. The contract contained no guaranty that no other person had the right to use the machines of the same character as those leased to the defendant. The plaintiff does 'agree to indemnify the defendant in the undisturbed enjoyment, during the continuance of his lease, and while it is in force, of all the machines leased, hereby agreeing to save said lessee harmless against any claim or claims for alleged infringements of any patent or patents by such use of said machines, or by making or selling the said product.' But there is no allegation in the answer that the defendant has sustained any damage by reason of any claim against him that he was not authorized to use the machines in question. The answer is very long, and inartificially drawn, and it seems to me clear that no defense is interposed to the action that would justify the defendant in refusing to pay the rent of the machines, nor is any counterclaim alleged upon which defendant could recover. I think, therefore, the motion should be denied, with $10 costs, to abide the event."

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Charles F. Doyle, (Arthur H. Masten, of counsel,) for appellant.
Howson & Howson, (Stephen A. Walker, of counsel,) for respondent.

VAN BRUNT, P. J. It may not be at all necessary to add anything to the opinion given by the court below upon the decision of the motion. But, in view of the insistance upon the part of the appellant that the papers show that there are at least four witnesses necessary to the defendant to prove the defense set up in his answer of a surrender of the license, it may be proper to call attention to the condition of the pleadings in that regard. The contract between the parties, which is called a "lease," and which formed the basis of this action, contained a provision that the lessee should have the option at any time to surrender said lease and the machines mentioned therein, provided he shall have complied with all and singular the obligations of the lease, and settled his indebtedness to the lessor thereunder; and, upon such surrender of the said lease and machines, the lessee should be discharged and released from any and all obligations, agreements, and covenants thereunder assumed by him. By the fifth paragraph of the answer the defendant alleges, upon information and belief that on or about the 1st of January, 1885, he fully complied with all and singular the obligations of said contract, and settled his indebtedness to the plaintiff thereunder, and surrendered said license and machines received from the plaintiff. It is apparent that by this allegation the defendant did not intend to aver that he had returned to the plaintiff all the machines received from it, because the complaint alleges the receipt of a considerable number of machines; and the defendant, by the very next paragraph of his answer, admits

the receipt of these several machines mentioned in the complaint,—10 or more in number,—and then denies that the same were used after January 1, 1885, and alleges the absolute return to and receipt by plaintiff of two of said machines, which is a clear concession that all the machines mentioned in the complaint had not been returned. The allegation of the surrender of the license, therefore, is merely the pleader's conclusion as to a mixed question of law and fact. It seems to be reasonably clear that if the defendant did not return the machines in pursuance of the provisions of the lease, no surrender of the license actually took place; and therefore the allegation in the affidavit that certain witnesses are necessary to prove the surrender of the license and the machines becomes entirely immaterial, as there can be no surrender without the return of the machines, and by the pleadings no such return is averred, and no such return or offer to return was ever made of the large majority of them. It would therefore seem that there were no witnesses which could be examined who could give evidence material to the defense alleged. We are of opinion, therefore, that for the reasons assigned in the court below, and for the foregoing reason, no ground was shown for changing the place of trial, and the motion was properly denied, and the order should be affirmed, with costs. All concur.